IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:13cr294-MHT |
| DAVID BERNARD GRACE | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant David Bernard Grace's motion to continue trial. The government does not oppose Grace's request. For the reasons set forth below, the court finds that jury selection and trial, now set for July 14, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

>offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interests of the public and Grace in a speedy trial. Grace and the government have agreed that Grace will

2

apply for 'pretrial diversion' and anticipate that the application will be granted. The parties believe that there will not be sufficient time before the current trial date to complete the necessary evaluation and draft the necessary documents. Because, although there will in all likelihood be no trial in this case, the parties still need additional time to take the steps necessary to resolve this case through pretrial diversion, the court finds that a continuance is warranted.

***

Accordingly, it is ORDERED as follows:

(1) Defendant David Bernard Grace's motion for continuance (Doc. No. 44) is granted.

(2) The jury selection and trial, now set for July 14, 2014, are reset for November 3, 2014, at 10:00 a.m., at the Federal Building & United States Courthouse, 100 West Troy Street, Dothan, Alabama.

DONE, this the 26th day of June, 2014.

    /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**