IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:13cr294-MHT |
| | ) | (WO) |
| DAVID BERNARD GRACE | ) | |

OPINION AND ORDER

This cause is before the court on defendant David Bernard Grace's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for November 3, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

>indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant . . . reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Grace in a speedy trial.  The court has been given reasonable cause to believe that Grace's counsel needs additional time to explore the possibility of a pre-trial diversion program.

2

Specifically, Grace's application for a diversion program has been approved by the United States Attorney and been submitted to the U.S. Probation Office, but that office needs additional time to conduct its investigation.

***

Accordingly, it is ORDERED as follows:

(1) Defendant David Bernard Grace's motion for continuance (doc. no. 48) is granted.

(2) The jury selection and trial, now set for November 3, 2014, are reset for March 9, 2015, at 10:00 a.m., in the Federal Courthouse in Dothan, Alabama.

DONE, this the 27th day of October, 2014.

                                              /s/ Myron H. Thompson  
                                        UNITED STATES DISTRICT JUDGE